UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FIDELITY DEPOSIT COMPANY OF MARYLAND,**

        **Plaintiff,**

    v.

**AMAAZZ CONSTRUCTION GROUP, LLC,** *et al.***,**

        **Defendants.**

Civil Action 2:21-cv-4384
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

This matter is before the undersigned for a Report and Recommendation following the failure of Defendants SMS Construction Southeast LLC and SMS Construction Group LLC (collectively, "SMS") to comply with multiple Court Orders. For the following reasons, it is **RECOMMENDED** that, if this case is reopened, the Court **DIRECT** the Clerk to enter default against SMS. (ECF No. 77.)

### I. Background

In October 2023, the Court granted a joint motion to administratively close this case but stated that it "may be reopened upon a motion from any of the Parties." (ECF No. 76.) In February 2025, Plaintiff moved to reopen the case. (ECF No. 77.) After no timely responses in opposition were filed, the Court ordered Defendants to file a Notice indicating if they intended to oppose Plaintiff's Motion to Reopen. (ECF No. 79.) Instead of filing such a Notice, counsel for SMS successfully moved to withdraw as SMS's counsel. (ECF Nos. 80, 83.)

In the June 30, 2025 Order granting the motion to withdraw as SMS's counsel, SMS was ordered to retain new trial counsel and to have new counsel enter an appearance on the docket within 30 days. (ECF No. 83.) The Court reminded SMS that as corporations, they could only proceed in this Court through licensed counsel, and that pleadings by corporations that are not signed by an attorney are treated as unsigned for purposes of Federal Rule of Civil Procedure 11(a). (*Id.*) The Court additionally warned SMS that noncompliance might result in an entry of default against SMS if the case was reopened. (*Id.*)

When that June 30, 2025 Order was returned as undeliverable, the Court, on July 14, 2025, directed the Clerk to serve it again on SMS via email using addresses obtained from SMS's former counsel. (ECF No. 85.) The Court also extended SMS's deadline to have new counsel enter an appearance to August 13, 2025, and reiterated its warning that noncompliance might result in entry of default if the case was reopened. (*Id.*)

After new counsel for SMS did not make an appearance by the extended deadline, the Court issued a Show Cause Order on August 15, 2025, ordering SMS to show cause why default should not be entered against SMS contemporaneous with the reopening of this case as a sanction for failing to comply with the Court's June 30 and July 14, 2025 Orders. (ECF No. 86.) SMS was again advised that SMS needed to retain counsel to appear in this Court. (*Id.*) SMS had 14 days, or until August 29, 2025, to respond to that August 15, 2025 Show Cause Order. (*Id.*) To date, however, new counsel has not appeared for SMS.

II. Law and Analysis

A district court has the inherent power to sanction a party when that party exhibits bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–50 (1991). The "imposition of inherent power sanctions requires a finding of bad faith," *First Bank of Marietta v. Hartford Underwriters Ins.*

2

*Co.*, 307 F.3d 501, 517 (6th Cir. 2002), or conduct "tantamount to bad faith," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). Bad faith includes refusal to comply with a court order. *Brown v. Tellermate Holdings, Ltd.*, No. 2:11-cv-1122, 2015 WL 4742686, at *6 (S.D. Ohio Aug. 11, 2015) (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)).

A district court's inherent authority to sanction derives from its power to impose respect in its presence, control the litigants before it, and guarantee the integrity of the courts. *See Chambers*, 501 U.S. at 43–44. Due to "their very potency, inherent powers must be exercised with restraint and discretion." *Id*. at 44 (citing *Roadway Express*, 447 U.S. at 764). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id*. at 44–45. Although dismissal of a lawsuit is a particularly severe sanction, it is nevertheless within the Court's discretion. *Id*. at 45 (citing *Roadway Express*, 447 U.S. at 765.) It follows that the Court's inherent powers authorizes the imposition of less severe sanctions as well.

Here, on June 30, 2025, the Court ordered SMS to have new trial counsel make an appearance within 30 days. (ECF Nos. 83.) On July 14, 2025, the Court reissued that order and extended the compliance deadline to August 13, 2025. (ECF No. 85.) When SMS still failed to comply, the Court issued a Show Cause Order on August 15, 2025, again advising SMS that it must appear through counsel and setting an August 29, 2025 compliance deadline. (ECF No. 86.) New counsel for SMS has yet to make an appearance.

The undersigned concludes that these repeated failures to comply with clear Orders—despite extended deadlines and explicit warnings—constitute bad faith and warrant sanctions. *See Mitan v. Int'l Fidelity Ins. Co.,* 23 F. App'x 292, 294–95, 298–99 (6th Cir. 2001) (affirming

3

sanctions against plaintiff whose "history of forum shopping and abusing the legal process" included failure to respond to three show cause orders).

Moreover, the undersigned further concludes that in light of SMS's continued noncompliance, directing the Clerk to enter default against SMS if this case is reopened is an appropriately calibrated sanction. It will guarantee the integrity of judicial proceedings, protect the Court's authority, and implement the very consequence that the Court repeatedly warned might follow.

### III.   Disposition

For all these reasons, if this case is reopened (ECF No. 77), it is **RECOMMENDED** that the Clerk be **DIRECTED** to make an entry of default against SMS as a sanction for failing to comply with the Court's June 30, July 14, and August 15, 2025 Orders.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE