**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**FIDELITY DEPOSIT COMPANY OF MARYLAND,**

**Plaintiff,**

**v.**

**AMAAZZ CONSTRUCTION GROUP, LLC, *et al.*,**

**Defendants.**

**Case No. 2:21-cv-4384**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

**OPINION AND ORDER**

This matter is before the Court on a Motion to Reopen Case filed by Plaintiff Fidelity Deposit Company of Maryland (ECF No. 77), a Motion for Hearing or Status Conference filed by Fidelity (ECF No. 78), and a Report and Recommendation issued by the Magistrate Judge (ECF No. 88). For the reasons in this Opinion and Order, the Motion to Reopen (ECF No. 77) is **GRANTED**, the Motion for a Hearing or Status Conference (ECF No. 78) is **DENIED as moot**, and the Report and Recommendation is **ADOPTED** and **AFFIRMED** (ECF No. 88).

**I. Background**

Fidelity initiated this action against Defendant Amaazz Construction Group, LLC, Amaazz Construction Ohio, LLC, the Knoch Corporation, SMC Construction Southeast, LLC, SMC Construction Group, LLC, John A. Johnson, Suguneswaran Suguness, Latha Johnson, and Sushella Suguness. (ECF No. 1.) Fidelity sought to enforce its collateral, indemnity, and other obligations under the General Indemnity Agreements, implemented as a condition of its execution of several multi-million-dollar surety bonds. (*Id.*)

Three years ago, this Court entered an Agreed Permanent Injunction Compelling Specific Performance of Duty to Deposit Collateral, permanently enjoining the Defendants, and ordering

them to "specifically perform their contractual obligation to deposit additional collateral in the amount of $6,784,248 with F&D by the Indemnity Agreements within thirty (30) days[.]" (ECF No. 56, PageID 473 ("Collateral Agreement").)

When Defendants did not comply with the injunction, Fidelity moved for contempt and for an order to show cause. (ECF No. 59.) Fidelity withdrew the motion for contempt after entering into a written settlement agreement with certain Defendants who agreed to post collateral and make periodic indemnity payments to Fidelity. (*See* ECF No. 72; *see also* ECF No. 75.)

The parties then filed a joint status report requesting that this Court administratively close this case. (ECF No. 75.) The Court granted that request and administratively closed the case in October 2023. (ECF No. 76.) In that Order, the Court stated that "[t]he case may be reopened upon a motion from any of the Parties." (*Id.* PageID 1134.)

## II. The Motion to Reopen and Motion for Hearing or Status Conference

In February 2025, Fidelity moved to reopen this case. (ECF No. 77.) Fidelity asserts that various events of default exist under the Collateral Agreement and that Defendants remain in breach of their obligations under the General Indemnity Agreements. (*Id.* PageID 1137.) The events of default necessitate the reopening of this case, says Fidelity. (*Id.*)

After no timely responses in opposition were filed, the Court ordered Defendants to file Notice indicating whether Defendants intended to oppose the Motion to Reopen. (ECF No. 79.) The Court warned that a failure to respond may result in the Court treating the Motion to Reopen as unopposed. (*Id.*)

Only Defendant Amaazz Construction Group, LLC responded. (ECF No. 82.) Amaazz asserts that it is "undertaking diligent efforts to comply with their obligations" under the Collateral Agreement. (*Id.* PageID 1155.) To show its compliance, and that reopening the case is

unnecessary, Amaazz offers that it caused a wire transfer of $800,460.70 to be made to Fidelity. (*Id.*)

Nonetheless, since no other Defendants responded in opposition, the Court finds good cause to reopen the case. The Motion to Reopen the Case (ECF No. 77) is **GRANTED**.

Fidelity also moved for a status conference in this matter "for the purposes of establishing a schedule and advancing the resolution of the Parties' claims and defenses." (ECF No. 78, PageID 1143.) Because the Court granted the Motion to Reopen, the Motion for a Hearing or Status Conference (ECF No. 78) is **DENIED as moot**. As outlined in the conclusion of this Opinion and Order, the Court will schedule a case management conference, if necessary, if the parties cannot agree upon a proposed scheduling order.

## III. The Report and Recommendation

The Court turns now to the Report and Recommendation issued by the Magistrate Judge on September 10, 2025. (ECF No. 88.) As the Magistrate Judge explained, the Court granted Defendants' SMC Construction Southeast, LLC, and SMC Construction Group, LLC (collectively, "SMC"), motion to withdraw as counsel. (ECF No. 83.) SMC was ordered to obtain counsel within 30 days and warned that noncompliance might result in an entry of default against it, if the case is reopened. (ECF No. 88.) Even after the Court served its order on SMC via email, using addresses obtained from SMC's former counsel, and granted SMC an extension (*see* ECF No. 85), new counsel did not make an appearance. The Court ordered SMC to show cause as to why the Clerk should not enter default against it contemporaneously with the re-opening of the case as a sanction for failing to comply with the Court's Orders. (ECF No. 86.) SMC did not respond to the Show Cause Order.

In light of SMC's continued noncompliance, the Magistrate Judge recommended that if the case is reopened, the Clerk be directed to make an entry of default against SMC as a sanction for failing to comply with the Court's Orders. (ECF No. 88, PageID 1175.)

Once a magistrate judge issues a report and recommendation, the relevant statute provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). The failure to file written objections to a magistrate judge's report and recommendation waives a *de novo* determination by the district court of any issues addressed in the report and recommendation. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

SMC was advised of its right to object to the Report and Recommendation and of the consequences of failing to do so. (ECF No. 88, PageID 1175–76.) SMC did not object to the Report and Recommendation, and the time to do so has passed. The Court therefore **ADOPTS** and **AFFIRMS** the Report and Recommendation. (ECF No. 88.)

## IV. Conclusion

For the reasons above, the Motion to Reopen (ECF No. 77) is **GRANTED.** The Motion for a Hearing or Status Conference (ECF No. 78) is **DENIED as moot**. This action is reopened so that Fidelity may pursue its claims against the Defendants.

The Court also **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 88) issued by the Magistrate Judge. The Clerk is **DIRECTED** enter of default against SMC Construction Southeast, LLC, and SMC Construction Group, LLC, as a sanction for failing to comply with the Orders of this Court.

The parties are **ORDERED** to meet, confer, and submit a proposed scheduling order to the Court within **30 DAYS** of this Opinion and Order. If the parties cannot agree to the terms of a proposed scheduling order, the parties shall notify the Court within **30 DAYS** of this Opinion and Order and the Court will schedule a case management conference.

This case is now open.

**IT IS SO ORDERED.**

**9/25/2025**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**