**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**FIDELITY DEPOSIT COMPANY OF**
**MARYLAND,**

                **Plaintiff,**

          **v.**

                                          **Civil Action 2:21-cv-4384**
                                          **Judge Edmund A. Sargus, Jr.**
                                          **Magistrate Judge Chelsey M. Vascura**

**AMAAZZ CONSTRUCTION GROUP,**
**LLC, *et al.*,**

                **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the undersigned for a Report and Recommendation following the failure of Defendants Amaazz Construction Group, LLC f/k/a Amaazz Group, LLC ("ACG"); Amaazz Construction Ohio, LLC ("ACO"); The Knoch Corporation ("Knoch Corp."); John A. Johnson ("Dr. Johnson"); Suguneswaran S. Suguness ("Mr. Suguness"); Latha Johnson ("Ms. Johnson"); and Susheela Suguness ("Ms. Suguness" and collectively with all of the foregoing, the "Amaazz Defendants") to comply with Court Orders. For the following reasons, it is **RECOMMENDED** that the Court **DIRECT** the Clerk to enter default against the Amaazz Defendants.

### I.      Background

In October 2023, the Court granted a joint motion to administratively close this case, while stating that it "may be reopened upon a motion from any of the Parties." (ECF No. 76.)

Plaintiff subsequently moved to reopen the case (ECF No. 77), and that Motion was granted on September 25, 2025 (ECF No. 89) over the Amaazz Defendants' objection (ECF No. 82).

Shortly thereafter, counsel for the Amaazz Defendants successfully moved to withdraw as counsel for the Amaazz Defendants. (ECF Nos. 94, 95.) In the November 3, 2025 Order granting the motion to withdraw, the Court Ordered ACG, ACO, and Knoch Corp. to retain new trial counsel and have new counsel enter an appearance within 30 days. (ECF No. 95.) The Court further reminded these entities that, as corporate entities, they could only proceed in this Court through licensed counsel any filings submitted without an attorney's signature would be treated as unsigned for purposes of Federal Rule of Civil Procedure 11(a). (*Id.*) The Court expressly warned these entities that noncompliance might result in an entry of default against them. (*Id.*) The Court also ordered Dr. Johnson, Mr. Suguness, Ms. Johnson, and Ms. Suguness to file a Notice within 30 days indicating if they intended to proceed *pro se* or would retain new counsel who would also be required to file an appearance. (*Id.*)

When none of the Amaazz Defendants complied, the Court issued a Show Cause Order on December 4, 2025, ordering them to show cause as to why default should not be entered against them as a sanction for their noncomplaince. (ECF No. 97.) The Court again reminded ACG, ACO, and Knoch Corp. that could not proceed without counsel and gave all Amaazz Defendants had 14 days, or until December 18, 2025, to respond to the Show Cause Order. (*Id.*) To date, none of them have done so.

## II.    Law and Analysis

A district court has the inherent power to sanction a party when that party exhibits bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–50 (1991). The "imposition of inherent power sanctions requires a finding of bad faith," *First Bank of Marietta v. Hartford Underwriters Ins*.

*Co.*, 307 F.3d 501, 517 (6th Cir. 2002), or conduct "tantamount to bad faith," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). Bad faith includes refusal to comply with a court order. *Brown v. Tellermate Holdings, Ltd.*, No. 2:11-cv-1122, 2015 WL 4742686, at *6 (S.D. Ohio Aug. 11, 2015) (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)).

A district court's inherent authority to sanction derives from its power to impose respect in its presence, control the litigants before it, and guarantee the integrity of the courts. *See Chambers*, 501 U.S. at 43–44. Due to "their very potency, inherent powers must be exercised with restraint and discretion." *Id*. at 44 (citing *Roadway Express*, 447 U.S. at 764). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id*. at 44–45. Although dismissal of a lawsuit is a particularly severe sanction, it is nevertheless within the Court's discretion. *Id*. at 45 (citing Roadway Express, 447 U.S. at 765.) It follows that the Court's inherent powers authorizes the imposition of less severe sanctions as well.

Here, on November 3, 2025, the Court ordered ACG, ACO, and Knoch Corp. to retain new counsel and have them make an appearance and ordered the individual Defendants to clarify their representation status. (ECF No. 95.) The Court allowed 30 days for compliance. (*Id*.) On December 4, 2025, the Court reissued that order and extended the compliance deadline to December 18, 2025. (ECF No. 97.) The Amaazz Defendants have entirely failed to comply.

The undersigned concludes that these repeated failures to comply with clear Orders—despite an extended deadline and explicit warnings—constitute bad faith and warrant sanctions. *See Mitan v. Int'l Fidelity Ins. Co.*, 23 F. App'x 292, 294–95, 298–99 (6th Cir. 2001) (affirming sanctions against plaintiff whose "history of forum shopping and abusing the legal process" included failure to respond to three show cause orders). Moreover, the undersigned further

concludes that given the Amaazz Defendants' noncompliance, directing the Clerk to enter default against them is an appropriately calibrated sanction. It will guarantee the integrity of judicial proceedings, protect the Court's authority, and implement the very consequence that the Court warned might follow.

### III.      Disposition

For all these reasons, it is **RECOMMENDED** that the Clerk be **DIRECTED** to enter default against the Amaazz Defendants as a sanction for their failure to comply with the Court's November 3, and December 4, 2025 Orders.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).   A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE